IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| EDISON BELL, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>RANDSTAD NORTH AMERICA, L.P.,<br><br>　　　　　Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>(Jury Trial Demanded) |

## COMPLAINT

Plaintiff, Edison Bell, on behalf of himself and all others similarly situated, complain against Randstad North America, L.P., as follows:

### Introduction

1.　Edison Bell ("Bell") brings this class action for monetary damages and other relief on behalf of all persons whose rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(3), were violated by Defendant, Randstad North America, L.P. ("Randstad"), on or after October 31, 2009. Randstad took adverse action against Bell based on consumer reports procured for employment purposes without first providing Bell: (a) a pre-adverse action disclosure that included a copy of Bell's consumer report, (b) a description in

writing of Bell's rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information.

## Parties

2. Plaintiff Bell is a resident of the Northern District of Georgia. He is a consumer as that term is defined by FCRA. 15 U.S.C. § 1681a(c).

3. Defendant Randstad, a nationwide temporary staffing agency, is a Delaware limited partnership headquartered in Georgia. At all relevant times, Randstad has been a "person" within the meaning of the Fair Credit Reporting Act. 15 U.S.C. § 1681a(b).

## Jurisdiction and Venue

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## Factual Allegations

6. Plaintiff Bell submitted an application for employment in 2010 at the Randstad office in Morrow, Georgia.

7. In 2010, and on April 28, 2011, Randstad procured consumer reports about Bell for employment purposes.

8.      Randstad procured the consumer reports about Bell from a consumer reporting agency named InfoMart to evaluate whether Bell's criminal record prevented him from working for Randstad.  The InfoMart consumer report revealed criminal record information about Bell.

9.      In 2010 and 2011, Randstad repeatedly took adverse action against Bell based in whole or in part on the consumer reports that it procured from InfoMart by refusing to employ him.

10.     Throughout 2010 and 2011, Randstad employees repeatedly informed Bell that he was not eligible to work for Randstad because of information contained in his consumer report.

11.     Before Randstad took adverse action against Bell, it did not provide him a copy of the InfoMart consumer report, a description in writing of his rights under the FCRA, or an opportunity to dispute the accuracy of the information contained in the InfoMart consumer report.

12.      By taking adverse action against Bell based on a consumer report without first providing him a copy of the consumer report, a description in writing of his rights under the FCRA, or an opportunity to dispute the accuracy of the information contained in the consumer report, Randstad acted in reckless disregard of Bell's FCRA rights.

## **Fair Credit Reporting Act Requirements**

13. Under the FCRA, before a company takes adverse action against a consumer based on information contained in a consumer report obtained for employment purposes, the company must first provide the consumer: (a) a pre-adverse action disclosure which includes a copy of the individual's consumer report; (b) a description in writing of the individual's rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information. 15 U.S.C. § 1681b(b)(3).

14. Pursuant to the FCRA, a criminal background check report that is obtained for employment purposes is considered a consumer report. 15 U.S.C. § 1681a(d). Pursuant to the FCRA, an "adverse action" includes "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k).

15. On information and belief, Randstad has a policy and practice throughout the State of Georgia of requesting that InfoMart and other consumer reporting agencies provide it with consumer reports for employment purposes and of taking adverse employment action based on information contained in those consumer reports without first providing consumers: (a) a pre-adverse action disclosure that includes a copy of the individual's consumer report; (b) a

description in writing of the individual's rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information.

16. Randstad maintains this policy even though it regularly certifies to InfoMart and other consumer reporting agencies that it will comply with section 1681b(b)(3) if it takes adverse action against a consumer based on a consumer report. *See* 15 U.S.C. § 1681b(b)(1).

## **Class Action Allegations**

17. Bell brings this lawsuit pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and all other individuals who, on or after October 31, 2009, having applied for employment at a Georgia Randstad location, suffered adverse action based in whole or in part on information contained in consumer reports that Randstad obtained for employment purposes.

18. The class defined above satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23. The class is so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court.

19. Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, among others, the following:

    a.    whether Randstad failed to provide class members throughout the State of Georgia with a pre-adverse action disclosure containing a copy of the employee's consumer report which Randstad obtained from the consumer reporting agency and a description in writing of the employee's rights under the FCRA;

    b.    whether Randstad failed to provide class members with a pre-adverse action opportunity to dispute the accuracy of the reported information;

    c.    whether Randstad's actions as described above constitute violations of the FCRA;

    d.    whether Randstad's actions were willful; and

    e.    whether Randstad engaged in a policy or practice throughout its Georgia locations of taking adverse action against consumers based on consumer reports without first providing class members with a pre-adverse action disclosure containing a copy of the consumer report and a description in writing of the consumer's rights under the FCRA.

20. Bell will fairly and adequately protect the interests of all class members. Bell is a member of the class, and his claims are typical of the claims of all class members. His interest in obtaining monetary relief for Randstad's violations of the class members' rights are consistent with and are not antagonistic to those of any person within the class. Bell has retained counsel competent and experienced in complex and class action litigation, including FCRA class action litigation.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because it will:

      a.      avoid the heavy burden of multiple, duplicative suits;

      b.      avoid the virtually impossible task of getting all class members to intervene as party-plaintiffs in this action;

      c.      allow the Court, upon adjudication of defendant's liability, to determine the claims of all class members; and

      d.      allow the Court to enter appropriate final monetary relief with respect to the class as a whole.

### Count One – Randstad's FCRA Violations

22. Plaintiffs reallege and incorporate by reference paragraphs 1-28 of this Complaint as if fully set forth herein.

23. Randstad willfully failed to provide Bell and members of plaintiff class, as required by 15 U.S.C. § 1681b(b)(3), (a) a pre-adverse action disclosure containing a copy of the their consumer report; (b) a description in writing of their rights under the FCRA; and (c) a pre-adverse action opportunity to dispute the accuracy of the reported information.

24. Randstad's willful violations of 15 U.S.C. § 1681b(b)(3) have caused damages to Bell and members of the plaintiff class for which damages Randstad is liable under 15 U.S.C. § 1681n.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully request, on behalf of himself and the class he seeks to represent, that this Court:

A. Certify this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of the proposed plaintiff class and designate Bell representative of the class and his counsel of record as class counsel;

B. Award statutory and punitive damages against Defendant to Plaintiff and members of the plaintiff class, as provided in 15 U.S.C. § 1681n, for Defendant's failure to provide them a copy of their consumer report before taking adverse action against them based in whole or in part on consumer reports.

C. Award statutory and punitive damages against Defendant to Plaintiff and members of the plaintiff class, as provided in 15 U.S.C. § 1681n, for Defendant's failure to provide them a summary of their FCRA rights before taking adverse action against them based in whole or in part on consumer reports.

D. Award Plaintiff and members of the plaintiff class their attorneys' fees pursuant to 15 U.S.C. § 1681n;

E. Award Plaintiff and members of the plaintiff class their costs pursuant to 28 U.S.C. § 1920; and

F. Grant all such additional relief as the Court deems appropriate.

## Jury Demand

Plaintiff demands trial by jury on all issues as to which a jury trial is available.

Respectfully submitted this 1st day of November, 2011.

          BUCKLEY & KLEIN, LLP

By:   s/ Edward D. Buckley
       Edward D. Buckley
       Georgia Bar No. 092750
       edbuckley@buckleyklein.com

Promenade II, Suite 900
1230 Peachtree Street SE
Atlanta, GA 30309
T. (404) 781-1100
F. (404) 781-1101

Counsel for Plaintiff